UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NO: 1:10-CR-00023-P-BL-1 |
| | § § § | |
| MALCOM JERONE ELEBY | § | |

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated October 20, 2015, (Doc. 73), addressing the motion to revoke MALCOM JERONE ELEBY's term of supervised release.

### I.    PROCEDURAL BACKGROUND

#### A.    Original Conviction

On August 19, 2010, MALCOM JERONE ELEBY (hereafter "Defendant") pleaded guilty to one count of Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924 (a)(2). (Doc. 29). On November 5, 2010, Defendant was sentenced to 24 months custody, (Doc. 40, p. 2), to be followed by a 3-year term of supervised release (Doc. 40, p. 3). Supervision commenced on February 24, 2012. (Doc. 42).

On April 25, 2013, Defendant's supervised release was revoked, and he was sentenced to 12-months custody and a 2-year term of supervised release. (Doc. 56). Supervision commenced on March 28, 2014. (Doc. 57).

1

On January 1, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis.

**B.     Current Revocation Proceedings**

**1)     Procedural History**

Before the Court is the Government's Motion to Revoke Supervised Release dated August 31, 2015 (Doc. 59), requesting revocation of Defendant's term of supervised release and entry of an order to serve a sentence as determined by the Court. This Motion followed a Petition of the United States Probation Office, (Doc. 57), executed October 27, 2014, requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The Senior District Judge ordered the issuance of a warrant on October 27, 2014. (*Id.*). Thereafter, an Amended Petition of the United States Probation Office, (Doc. 68), was executed on September 23, 2015, alleging additional violations, and the Chief District Judge ordered that the original petition be amended to reflect the allegation of a new violation, Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in Case No. 1:15-CR-070-P(01), filed in the Northern District of Texas, Abilene Division. (*id.*).

The undersigned magistrate judge conducted an initial appearance on September 18, 2015. (Doc. 61). A preliminary revocation and detention hearing were set on October 13, 2015 (Doc. 67), but were terminated upon an oral waiver (Doc. 69) and the filing of a written waiver of probable cause and detention by Defense Counsel. (Doc. 71). An Order of Detention and Finding Probable Cause was entered by the magistrate judge on October 13, 2015. (Doc. 70).

2) **Violation Allegations**

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 1**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**

Malcom Jerone Eleby violated these conditions of supervised release by possessing an illegal controlled substance, specifically, methamphetamine. On or about October 20, 2014, Eleby was arrested by officers of the Taylor County Sheriff's Department, Abilene, Texas, for Manufacture/Delivery of Methamphetamine, in violation of Texas Health and Safety Code § 481, a First Degree felony.

*On September 23, 2015, the noncompliance related to this violation was amended by petition, to update the status of the pending charge as follows:*

Malcom Jerone Eleby (Eleby) violated these conditions of supervised release by possessing an illegal controlled substance, specifically, methamphetamine. On or about October 20, 2014, Eleby was arrested by officers of the Taylor County Sheriff's Department, Abilene, Texas, for Manufacture/Delivery of Methamphetamine, in violation of Texas Health and Safety Code § 481, a first degree felony. Subsequently, this case has been filed in Case No. 1:15-CR-070-P(01), in

---

[1] Alleged violations taken from Amended Petition for Offender under Supervision dated September 23, 2015.

U.S. District Court, Northern District of Texas, Abilene Division. On September 16, 2015, Eleby was indicted for Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, a violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(viii) and 18 U.S.C. § 2.

Additionally, Mr. Eleby failed to attend an individual counseling session at Cantu Counseling, Inc., a federal contract drug treatment provider, on May 28, 2014.

### Violation of Standard Condition No. 11

The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

### Nature of Noncompliance

Malcom Jerone Eleby violated this condition of supervised release by failing to notify his probation officer within 72 hours of his arrest by the Taylor County Sheriff's Department, Abilene, Texas, which occurred on October 20, 2014.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on November 3, 2015, before the magistrate judge. Defendant was represented by Brian Walker; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded. Upon call of the matter, Defendant was placed under oath and advised of the alleged violations by reading the revocation motion. **Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 76).**

The undersigned read the allegations contained in the Amended Petition for Offender under Supervision and in the Government's Motion to Revoke, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the magistrate judge. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above,

specifically: the two Mandatory Conditions (that Defendant not commit another federal, state, or local crime, and that he not illegally possess a controlled substance); Standard Conditions ##7 and 11; and Special Condition #1.

Defendant accepted the invitation to personally allocute, saying he was sorry. Defense Counsel and the attorney for the government declined to be heard on the issue.

## II. FINDINGS OF THE COURT

The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, as amended by the Amended Petition dated September 23, 2015, and set forth in Section I.B(2) above, specifically: the two Mandatory Conditions (that Defendant not commit another federal, state, or local crime, and that he not illegally possess a controlled substance); Standard Conditions ##7 and 11; and Special Condition #1.

(1) The Defendant was competent to make the decision to plead true to the allegations.

(2) The Defendant had both a factual and rational understanding of the proceedings against him.

(3) The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against his or the consequences of his plea.

(4) The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense.

(5) The Defendant received a copy of the Government's Motion to Revoke and the Amended Petition, either read or had them read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him.

(6) A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge.

(7) At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above.

(8) The Defendant violated conditions of his supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and,

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

6

    v.      The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

### B. STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of eighteen to twenty four months imprisonment, based upon Defendant's criminal history category of III and the admitted Grade A violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of possession of a controlled substance. *See* 18 U.S.C. § 3583(g)(1).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). In this case, Defendant is subject to a term of supervised release of twenty-four (24) months, less any term of imprisonment imposed upon revocation of his supervised release.

---

[3] The Court is mindful of the exception contained in § 3583(d), but finds the exception inapplicable as Defendant was charged with possession of a controlled substance, not failing a drug test.

7

## IV. ANALYSIS AND RECOMMENDATION

Defendant began his second term of supervised release, after a prior revocation, in the Abilene Division on March 28, 2014. He was living with his father at a local apartment complex and worked doing odd jobs; however, he had obtained financial aid and was in the process of starting barber classes at Texas College of Cosmetology in Abilene, Texas. Defendant was initially referred to a federally contracted drug aftercare program, and attended counseling and submitted random drug tests as instructed. He completed the program on September 30, 2014, but was arrested by the Abilene Police Department on October 20, 2014, for Manufacture/Delivery of Methamphetamine. The case was presented to a federal grand jury, which handed down a one-count federal indictment, charging Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(viii) and 18 U.S.C. § 2, now pending as Case No. 1:15-CR-70-P in this Court. Defendant pleaded guilty to the charges on November 3, 2015, and is awaiting sentencing.

Based on Defendant's continued criminal behavior, including the above pending federal drug charge, a sentence at the top of the guideline range is appropriate. Additionally, as he continues to be unsuccessful in completing his terms of supervision - having a prior revocation for illegal drug use and failing to maintain employment, and serving only six months of his second term before revocation was sought for the instant violations – an additional term of supervised release is not recommended.

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS**:

(1) that Defendant be found to have **violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically the two Mandatory Conditions (that

8

Defendant not commit another federal, state, or local crime, and that he not illegally possess a controlled substance); Standard Conditions ##7 and 11; and Special Condition #1;

(2) that his supervised release be **REVOKED**;

(3) that Defendant be **SENTENCED** to the custody of the Attorney General for a period of **twenty-four (24) months**; and

(4) **that no additional term of supervised release** be imposed. (The statutory maximum for reimposition is 24 months, minus the revocation sentence [which is recommended to be 24 months], thus he would not be eligible for a subsequent term of supervised release. In the alternative, Defendant has pleaded guilty in Case No. 1:15-CR-70-P, and his sentencing options will likely include a term of supervised release. This negates the need to impose supervised release in this revocation proceeding, even if the sentence imposed herein is less than the recommended 24 months.)

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 25th day of November, 2015.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE